IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHEBRENA GREEN                                                    PLAINTIFF

V.                        CASE NO. 4:25-CV-01023 JM-JTK

SOCIAL SECURITY ADMINISTRATION                         DEFENDANT

RECOMMENDED DISPOSITION

I.    Procedures for filing Objections:

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

II.    Introduction:

Plaintiff, Shebrena Green ("Green"), filed applications for disability benefits and supplemental security income on April 29, 2022. (Tr. at 34). In the applications, she alleged that her disability began on February 20, 2018. *Id*. The applications were

1

denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Green was not disabled. (Tr. at 34-45). The Appeals Council denied Green's request for review of the hearing decision. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Green has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

### III.    The Commissioner's Decision:

The ALJ determined that Green has not engaged in substantial gainful activity since the alleged onset date of February 20, 2018.[1]  (Tr. at 36). The ALJ found, at Step Two, that Green has the following severe impairments: disorder of the cervical and lumbar spine, irritable bowel syndrome, fibromyalgia, abnormality of the left knee, migraine headaches, and obesity. *Id*.

The ALJ determined that Green did not have an impairment or combination of impairments that met or medically equaled a Listed Impairment.[2]  (Tr. at 36-38).

---

[1] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[2] See 20 C.F.R. Part 404, Subpart P Appendix 1: "Adult Listing of Impairments."

Next, the ALJ found that Green had the residual functional capacity ("RFC") to perform work at the sedentary exertional level with the following additional limitations: (1) can no more than occasionally balance, kneel, stoop, crouch, and crawl; (2) can no more than occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and (3) must avoid more than occasional exposure to extreme cold, wetness, humidity, noise, vibration, and hazards such as machinery with moving mechanical parts and unprotected heights. (Tr. at 39).

The ALJ determined that Green was unable to perform any past relevant work. (Tr. at 44). Relying upon testimony from a vocational expert ("VE"), the ALJ found that, considering Green's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Green could perform. (Tr. at 43-45). Therefore, the ALJ concluded that Green was not disabled. *Id*.

## IV.   Discussion:

### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the

3

record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole, which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B.   Green's Arguments on Appeal

Green contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She argues that: (1) the ALJ's RFC limitation to occasional climbing or ramps, stairs, ladders, ropes, and scaffolds did not square with sedentary work; and (2) the ALJ did not account for subjective allegations about migraine headaches.

1.  RFC[3]

Plaintiff is correct that sedentary work permits standing and walking of no more than 2 hours per day. She argues that this would not allow for occasionally climbing. The term "occasionally," as described in Soc. Sec. Ruling 83-10, "means occurring from very little up to one-third of the time," which would be up to 2.67 hours of an 8-hour workday. https://www.ssa.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html

However, the three jobs identified by the VE at Step Five required no climbing, according to the Dictionary of Occupation Titles listings: "[climbing]

---

[3] A claimant's RFC represents the most she can do despite the combined effects of all of her credible limitations and must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining the claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of her impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). An ALJ is not required to include limitations in the RFC that are not supported by the evidence in the record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003).

activity or conditions do not exist." (Tr. at 44-45); DOT jobs: ticket counter, 219.587-010, telephone information clerk, 237.367-046, and charge account clerk, 205.367-014;   https://www.dol.gov/agencies/oalj/topics/libraries/LIBDOT.   The Dictionary of Occupational Title definitions "offer the approximate maximum requirements for each position, rather than their range." *Wheeler v. Apfel*, 224 F.3d 891, 897 (8th Cir. 2000)(*quoting Hall v. Chater*, 109 F.3d 1255, 1259 [*367] (8th Cir. 1997)). "No climbing" can be interpreted literally; whatever the RFC suggested, the jobs identified at Step Five required no climbing according to the DOT, the manual relied on by all VE's to identify job requirements. Green's argument is moot.

### 2. Migraines

Green argues that her migraines meant that more restrictions should have been included in the RFC. Green relies mostly on her own subjective complaints of migraines, which she claimed occurred often and were intense.[4]  (Doc. No. 11 at 14-16). The medical records from her providers do not support her extreme allegations. (Tr. at 439-480, 515-536, 1091-1150). Clinical examinations were grossly normal, with intact orientation, balance, and reactivity to light. *Id*. No doctor assigned any work restriction due to migraines. Green did not require ER visits for migraines. She

---

[4] Subjective complaints alone, without credible supporting medical evidence, are not sufficient to establish a severe impairment. *See Reter v. Railroad Retirement Board*, 465 F.3d 896, 899 (8th Cir. 2006).

said migraine medication worked well. (Tr. at 42, 1363).

The ALJ found migraines to be a severe impairment, meaning she credited Green's subjective complaints to some extent. Even though medical evidence showing severe migraine headaches was lacking, the ALJ also assigned migraine environmental restrictions in the RFC, showing she properly considered the effect migraines would have on Green in a work setting. (Tr. at 39). The ALJ properly evaluated Green's migraine headaches. Reversal is unwarranted.

## V.  Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The RFC was appropriate and the ALJ accounted for limitations from migraine headaches. The finding that Green was not disabled within the meaning of the Social Security Act, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 17th day of June, 2026.

_____

UNITED STATES MAGISTRATE JUDGE